UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
:
In re:                                                    :      Case No. 12-48303-NHL
                                                          :
    Grigory EPSHTEYN,                                  :      Chapter 7
                                                          :
               Debtor.                                :
                                                          :
----------------------------------------------------------x
Alexander LEVIN, Steven MAKSIN, Esq., and                 :
2814-2824 EMMONS ACQUISITION, LLC                         :
                                                          :
               Plaintiffs,                            :      Adv. Pro. No. _____
                                                          :
    against                                            :
                                                          :
Grigory EPSHTEYN,                                         :
                                                          :
               Defendant.                             :
                                                          :
----------------------------------------------------------x

**COMPLAINT TO DETERMINE
NONDISCHARGEABILITY OF DEBT OWED TO PLAINTIFFS**

Plaintiffs Alexander Levin, Steven Maksin, Esq., and 2814-2824 Emmons Acquisition, LLC (collectively, "Plaintiffs") bring this action pursuant to section 523(a)(6) of title 11 of the United States Code (the "Bankruptcy Code"), objecting to the discharge of a debt owed by Defendant-Debtor Grigory Epshteyn, and respectfully submit as follows:

**PARTIES**

1.     Plaintiff 2814-2824 Emmons Acquisition, LLC ("Emmons Acquisition"), is a New York domestic limited liability company registered in Kings County, New York, with its principal place of business located at 155 Oceana Drive East, Suite PH2D, Brooklyn, New York 11235. At all relevant times, Emmons Acquisition was the owner and landlord of the premises located at 2814 Emmons Avenue in Brooklyn, New York.

- 1 -

2. Plaintiff Alexander Levin is a natural person residing in Richmond County, New York. At all relevant times, plaintiff Levin was the manager of Emmons Acquisition.

3. Plaintiff Steven Maksin is a natural person and attorney at law duly admitted to the practice of law in, and a member in good standing of the bar of, the State of New York, residing in Kings County, New York. In 2010, plaintiff Maksin represented Emmons Acquisition in its acquisition of title to the real estate located at 2814 Emmons Avenue.

4. Debtor-Defendant Grigory Epshteyn is a natural person currently residing at 71 Foxbeach Avenue, Staten Island, New York. At all relevant times, defendant Epshteyn was a tenant of the premises located at 2814 Emmons Avenue and signatory, along with three other individual persons and a limited liability company, of a ten-year lease to those premises dated September 1, 2005.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and 1334 because this is a proceeding to determine that certain obligations are nondischargeable pursuant to section 523(a) of the Bankruptcy Code.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

7. Plaintiffs are creditors of defendant Epshteyn due to their unsatisfied and outstanding claims, including claims for defamation and malicious prosecution. On November 15, 2012, Plaintiffs commenced an action in Supreme Court, Kings County, against Epshteyn, Yevgeniy Chertok, and Paradise Garden, asserting those claims. Plaintiffs' tort claims against Epshteyn arise out of his willful and malicious conduct undertaken in retaliation for Plaintiff

Emmons Acquisition's attempts to recover back rent due from defendant Epshteyn and his co-tenants.

8.     Plaintiff Emmons Acquisition acquired title to the real estate located at 2814 Emmons Avenue in September 2010 and thereby also became landlord under the terms of a ten-year lease of the premises at 2814 Emmons Avenue (the "<u>Lease</u>").  Plaintiff Levin was the acting manager of Emmons Acquisition, and Plaintiff Maksin represented Emmons Acquisition in its acquisition of the real estate and the Lease.

9.     Defendant Epshteyn was a signatory to the lease and was a tenant under the Lease along with his fellow signatories Marina Rozenberg, Karina Dukach and Paradise Garden, LLC (collectively, the "<u>Tenants</u>").

10.    The Tenants did not pay any rent under the Lease from September 2010 through January 2011.  As a result, in January 2011, Emmons Acquisition initiated a summary proceeding against the Tenants in the Civil Court, Kings County, Index No. 53011/2011 (the "<u>Civil Court Action</u>") seeking back rent and possession of the premises.  Plaintiff Maksin did not represent Emmons Acquisition in the Civil Court Action.

11.    In response to and retaliation for the filing of the Civil Court Action, defendant Epshteyn and the other Tenants, along with Yevgeniy Chertok, devised a three-part plan to injure each of the Plaintiffs in an effort to cause the discontinuance of the Civil Court Action by damaging Plaintiffs' reputations, causing them to incur significant legal fees, and collaterally interfering with Emmons Acquisition's rights to gain possession of and receive rent for its real property.  Epshteyn and the other Tenants undertook these actions against Plaintiffs despite the facts that Levin was merely the manager of Emmons Acquisition and Maksin was not representing Emmons Acquisition with regard to 2814 Emmons Avenue after assisting with

Emmons Acquisition's acquisition of title. The three parts of defendant Epshteyn's plan (which proceeded contemporaneously) are described individually below.

**The First Part of Tenants' Scheme -- The Nassau County Supreme Court Action**

12. Defendant Epshteyn sought to delay resolution of the Civil Court Action against him by having the Civil Court Action removed from the Civil Court and consolidated with a new Supreme Court proceeding. This new proceeding would not merely mount a collateral attack against the validity of the Lease. Rather, Tenant Dukach would also allege Plaintiffs' involvement in a wide-ranging and implausible conspiracy to defraud and extort her and the other Tenants. By doing so, Epshteyn and the other Tenants sought to damage Plaintiffs' reputations, to make Plaintiffs fear for their reputations (including the fear of criminal prosecution), and to cause Plaintiffs to incur significant defense expenses.

13. On or about April 12, 2011, Dukach and Yevgeniy Chertok (collectively, the "Nassau Plaintiffs"), initiated an action in the Supreme Court, Nassau County, No. 005438/2011 (the "Nassau Action"), naming Plaintiffs and others as defendants. A copy of the original complaint in the Nassau Action is submitted as Exhibit A. The Nassau Plaintiffs' complaint alleged damages resulting from common law fraud and violations of the federal civil RICO statute, 18 U.S.C. § 1962, on the part of all defendants, including Plaintiffs. The Nassau Plaintiffs also sought punitive damages and a declaration that the Lease was null and void.

14. In their complaint, the Nassau Plaintiffs also alleged that Maksin was the mastermind of a vast Russian criminal enterprise that (i) engaged in multiple acts of fraud upon Dukach and the Tenants from 2005 through 2011 and (ii) victimized other innocent third parties. The Nassau Plaintiffs further alleged that Levin assisted Maksin in his criminal enterprise and that Emmons Acquisition was a shell corporation created by Maksin and Levin to further their fraudulent schemes.

15. Upon information and belief, defendant Epshteyn and the other Tenants had no personal knowledge or information regarding Plaintiffs' involvement in any fraudulent scheme or criminal enterprise at the time they caused the Nassau Action to be filed. Instead, Epshteyn and the other Tenants, through the Nassau Plaintiffs, intended to damage Plaintiffs' reputations and to cause them to incur legal fees, all in an effort to cause Emmons Acquisition to abandon the Civil Court Action.

16. When Plaintiffs moved to dismiss the Nassau Action, the Nassau Plaintiffs amended their Complaint to add additional allegations of fraud and criminal activity as against plaintiff Maksin, including additional allegations of RICO violations and extortion. A copy of the first amended complaint in the Nassau Action is submitted as Exhibit B. The Nassau Plaintiffs amended their complaint in the Nassau Action a second time on December 27, 2011 to add yet more allegations of fraud and criminal activity on the part of Plaintiffs. A copy of the second amended complaint in the Nassau Action is submitted as Exhibit C.

17. Upon information and belief, Epshteyn and the other Tenants had no personal knowledge or information regarding Plaintiffs' involvement in any fraudulent scheme or criminal enterprise when the Nassau Plaintiffs (twice) amended their complaint in the Nassau Action. Instead, Epshteyn and the other Tenants intended to damage Plaintiffs' reputation and to cause them to incur legal fees, all in an effort to cause Emmons Acquisition to abandon the Civil Court Action.

18. At the same time the Nassau Plaintiffs filed their initial complaint, they moved the court in the Nassau Action to have the Civil Court Action removed and consolidated with the Nassau Action pursuant to N.Y. C.P.L.R. 602(a) and (b), or to have the Civil Court Action

stayed pending resolution of the Nassau Action. That motion was denied by order dated July 11, 2011.

**The Second Part of Tenants' Scheme -- The Kings County Supreme Court Action**

19. After the Nassau Plaintiffs' unsuccessful attempt to have the Civil Court Action consolidated with the Nassau Action, Epshteyn and Paradise Garden, LLC brought a new complaint against Plaintiffs and others in the Supreme Court, Kings County, to make a second attempt at removing the Civil Court Action and to increase the pressure against Plaintiffs.

20. On or about August 12, 2011, barely a month after consolidation was denied in the Nassau Action, defendant Epshteyn and Paradise Garden, LLC, as plaintiffs, initiated an action in the Supreme Court, Kings County, Index No. 018508/2011 (the "Kings Action"), naming Plaintiffs and others as defendants. A copy of the complaint in the Kings Action is submitted as Exhibit D. The original complaint in the Kings Action was a virtual word-for-word copy of the complaint in the Nassau Action. Indeed, after plaintiffs in the Nassau Action amended their complaint, plaintiffs in the Kings Action did likewise, filing a virtual word-for-word copy of the first amended complaint. A copy of the first amended complaint in the Kings Action is annexed hereto as Exhibit E.

21. Upon information and belief, Epshteyn and Paradise Garden, LLC had no personal knowledge or information regarding Plaintiffs' involvement in any fraudulent scheme or criminal enterprise as alleged in their complaints. Instead, Epshteyn intended to damage Plaintiffs' reputations and to cause them to incur legal fees, all in an effort to cause Emmons Acquisition to abandon the Civil Court Action.

22. At the same time they filed their initial complaint, Epshteyn and Paradise Garden, LLC moved the court in the Kings Action to have the Civil Court Action removed and

consolidated with the Kings Action pursuant to N.Y. C.P.L.R. 602(a) and (b), or to have the Civil Court Action stayed pending resolution of the Kings Action.

23. The Supreme Court, Kings County, initially held the motion to consolidate in abeyance and granted a stay of execution of judgment in the Civil Court Action as against Epshteyn and Paradise Garden. The stay was conditioned on their paying use and occupancy as ordered by the Civil Court. The stay was withdrawn when defendant Epshteyn and Paradise Garden failed to pay use and occupancy.

24. Plaintiffs moved to dismiss Epshteyn and Paradise Garden's first amended complaint in early 2012, and discovery proceeded.

**The Third Part of Tenants' Scheme -- The Civil Court Action**

25. Throughout 2011, the Civil Court repeatedly ordered Epshteyn and the other Tenants to pay use and occupancy to Emmons Acquisition pending a trial on Emmons Acquisition's claims in the Civil Court Action. Epshteyn and the other Tenants repeatedly ignored the Civil Court's orders and never paid use and occupancy at any time before the Civil Court entered a final judgment against the Tenants.

26. After defendant Epshteyn and the other Tenants were unable to remove and consolidate the Civil Court Action with the Nassau Action or the Kings Action, the Civil Court Action proceeded to trial.

27. On November 1, 2011, the Civil Court entered a judgment striking Epshteyn and Paradise Garden's responsive pleadings and granting judgment to Plaintiffs[1]. A copy of this judgment is submitted as Exhibit F. Trial regarding some of Dukach's defenses was held in the Civil Court Action on November 3 and 9, 2011. Counsel for Epshteyn and Paradise Garden was

---

[1] This judgment would not have become effective if Epshteyn and Paradise Garden had, at the November 3, 2011 hearing, presented proof of payment of the use and occupancy fees ordered by the Court (which they failed to do).

present at the trial but did not participate because of the Civil Court's entry of judgment against them. At the close of trial on November 9, the Civil Court issued another decision and order against defendant Epshteyn and Paradise Garden by which Emmons Acquisition was awarded a judgment of possession and a money judgment in the amount of $721,976.04 for back rent, taxes and late fees. A copy of this judgment is submitted as Exhibit G. By order dated November 18, 2011, the Civil Court also granted a judgment of possession and a money judgment in the amount of $721,976.04 against Dukach and the remaining Tenant, Marina Rozenberg.

28. On December 19, 2011, Judge Nancy M. Bannon, J.C.C., issued her Decision After Trial regarding Emmons Acquisition's petition for possession and a money judgment. Judge Bannon found, *inter alia*, (a) that Dukach had failed to prove at trial that Emmons Acquisition had procured the Lease by fraud, (b) that Dukach failed to establish that Emmons Acquisition was aware of any fraud surrounding the Lease when it purchased the real estate or that it otherwise engaged in any wrongdoing, (c) that Dukach accepted the benefit of the lease of the Property "by taking possession of the premises in 2005, and thereafter operating a successful business on the premises for nearly six years before attempting to raise the issue" of a fraudulent lease, and (d) that Dukach was barred by the doctrine of laches from raising the issue of the potential fraudulent nature of the lease in 2005.

29. Epshteyn and the other Tenants appealed the Civil Court's orders and moved for a stay of execution of judgment. While the Appellate Term considered the Tenants' stay motion, it granted a temporary restraining order to prevent their eviction.

**The Collapse of Tenants' Scheme**

30. Some or all of the Tenants remained in possession of 2814 Emmons Avenue through the beginning of March 2012 while Plaintiffs moved to dismiss the Nassau Action and the Kings Action.

31. Discovery proceeded in the Nassau Action during the pendency of Plaintiffs' motion to dismiss. Dukach was deposed in the Nassau Action on March 6, 2012.

32. At her deposition, Dukach admitted that she had no personal knowledge that plaintiff Maksin was a so-called "Vor" or mastermind of any criminal enterprise, contrary to the allegations in her complaint. Instead, Dukach testified that she knew virtually nothing about Maksin, Levin, or Emmons Acquisition. Dukach testified that she did not know and had not ever met or communicated with Maksin and Levin. Dukach repeatedly stated that she had "no personal knowledge" regarding many of the allegations in her complaint, specifically the allegations against Maksin and Levin. In direct contradiction to her complaint, Dukach repeatedly testified that she had "no personal knowledge" that Maksin or Levin was a "Vor" or a member of a criminal enterprise.

33. Dukach's father and co-plaintiff, Yevgeniy Chertok, and her husband, Vladimir Kutsyk, both also testified that they had no personal knowledge regarding Plaintiffs and had no information to link them to a criminal enterprise.

34. On March 9, 2012, the Appellate Term denied the Tenants' motion for a stay of execution of judgment and lifted the temporary restraint against eviction and execution of the Civil Court Action judgment against the Tenants. Emmons Acquisition immediately began moving forward with eviction of the Tenants from 2814 Emmons Avenue. When representatives of Emmons Acquisition visited the premises shortly afterwards, they found the premises already vacated by the Tenants. Upon information and belief, the Tenants had gutted the premises of all valuable equipment, including music and lighting equipment and expensive kitchen appliances.

35. As of this time, none of Dukach, Epshteyn, or Paradise Garden has paid Emmons Acquisition any amount of the money judgment due it.[2] Only tenant Rozenberg has paid Emmons Acquisition a sum in settlement of the judgment against her.

36. After the denial of the Tenants' Appellate Term stay motion and at or about the time of the Tenants' rapid abandonment of the premises of 2814 Emmons Avenue, in mid-March 2012, the attorneys for defendant Epshteyn and Paradise Garden stopped prosecuting the Kings Action, and they never drafted any papers in opposition to Plaintiffs' motion to dismiss the Kings Action. At a hearing on July 30, 2012, an attorney for Epshteyn and Paradise Garden admitted on the record at oral argument that he and his clients had no direct or personal information regarding the involvement of any of the defendants named in the Kings Action in any criminal enterprise or conspiracy. Instead, the attorney explained that he and his clients had hoped to receive more information and guidance on the prosecution of their claims from Dukach and her attorney. (Dukach's attorney had previously withdrawn as her counsel shortly after the Appellate Term denied the Tenants' stay motion.)

37. Plaintiffs stipulated to the discontinuance of the Nassau Action on May 16, 2011.

38. The Kings Action was dismissed on July 30, 2012, with prejudice, after Epshteyn and Paradise Garden failed to file any written opposition to Plaintiffs' motions to dismiss. Upon information and belief, defendant Epshteyn and Paradise Garden abandoned all efforts to prosecute the Kings Action after Dukach abandoned prosecution of the Nassau Action.

39. Dukach filed a voluntary chapter 7 petition with the Bankruptcy Court for the Eastern District of New York shortly after the stipulation of discontinuance of the Nassau Action was signed.

---

[2] Emmons Acquisition's Civil Court judgment against Dukach from the Civil Court Action has been discharged through Dukach's bankruptcy proceeding.

40. On August 21, 2012, Plaintiffs initiated an adversary proceeding against Dukach, seeking a determination of non-dischargeability regarding any debts arising from the conduct described in that complaint. (*See* Adv. Pro. No. 12-1250 [Docket No. 1].)

41. On November 15, 2012, Plaintiffs commenced an action in the Kings County Supreme Court against Epshteyn, Yevgeniy Chertok, and Paradise Garden, LLC, Index No. 503842/2012 (the "State Court Action").

42. On December 6, 2012, Epshteyn filed his voluntary chapter 7 petition.

43. On January 31, 2013, Judge Feller lifted the automatic stay to allow Plaintiffs to add Dukach as a defendant in the State Court Action. *See In re Dukach*, No. 12-43590 (Bankr. E.D.N.Y. Jan. 31, 2013) [Docket No. 38].

44. On March 11, 2013, Plaintiffs amended their complaint to add Dukach as a defendant in the State Court Action.

**Plaintiffs' Claims Against Defendant Epshteyn**

45. Plaintiffs seek a determination that any judgment procured by Plaintiffs against Epshteyn in the State Court Action is not dischargeable. Plaintiffs are separately moving for relief from the automatic stay to pursue entry of such a judgment in the State Court Action.

**FIRST CLAIM FOR RELIEF**
**Debt Excepted from Discharge Under 11 U.S.C. § 523(a)(6)**

46. Plaintiffs repeat and re-allege each and every allegation made above as if fully set forth herein.

47. Debts for damages for willful and malicious injury by the Debtor to another entity or to the property of another are not dischargeable. 11 U.S.C. § 523(a)(6).

48. Epshteyn willfully and maliciously injured Plaintiffs when he conspired with the other Tenants to injure Plaintiffs' reputations and to cause them to incur defense expenses, all in

an effort to cause Emmons Acquisition to abandon its claim in the Civil Court Action. Epshteyn had the specific intent to injure Plaintiffs in these manners by his knowingly false allegations. Epshteyn knew that his allegations in the Nassau Action and Kings Action would result in injury to Plaintiffs.

49. Defendant Epshteyn's filing of the Kings Action and conspiring to file the Nassau Action were malicious because the allegations contained in the complaints in those actions were without just cause or excuse, and the sole motivation of his fraud and RICO allegations was to inflict harm upon Plaintiffs. Epshteyn deliberately created the Nassau Action and the Kings Action to set up a war of attrition against Plaintiffs.

50. Epshteyn's deliberate prosecution of fraud and RICO claims against Plaintiffs as a result of a landlord/tenant action against him constitutes willful and malicious conduct that is so reprehensible as to warrant denial to him of the fresh start to which a bankruptcy filer is normally entitled.

51. Epshteyn's willful and malicious behavior is further demonstrated by the aggravating circumstance of his repeated refusal to comply with the Civil Court's orders. Epshteyn repeatedly ignored the Civil Court's orders while he attempted to force Emmons Acquisition to abandon its claim.

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment finding that the Debtor's debts to Plaintiffs are excepted from discharge, and for such other and further relief as this Court deems just and proper.

Dated: March 13, 2013                     ALSTON & BIRD LLP
      New York, New York

                                               /s/ John W. Spears
                                                Karl Geercken
                                                John W. Spears
                                                Matt Decker
                                                90 Park Avenue
                                                New York, NY 10016
                                                Tel: (212) 210-9400

                                                *Attorneys for Plaintiffs Steven Maksin, Alexander Levin, and 2814-2824 Emmons Acquisition, LLC*