UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    Grigory EPSHTEYN

                      Debtor,

-----------------------------------------------------------------X

Alexander LEVIN, Steven MAKSIN, Esq., and
2814-2824 EMMONS ACQUISITION, LLC

                      Plaintiffs,

       -against-

Grigory EPSHTEYN,

                      Defendant.

-----------------------------------------------------------------X

Case No. 12-48303-NHL

Chapter 7

**AMENDED ANSWER**

Complaint No. 1-13-01098-NHL

    Defendant Grigory Epshteyn, as and for his Amended Answer to the Complaint, of Alexander Levin, Steven Maksin, Esq., and 2814-2824 Emmons Acquisition, LLC, by the Law Offices of Kalavesios & Choudhry, PLLC, his attorneys, respectfully alleges as follows:

### PARTIES

    1.    Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs 1, 2, and 3 of the Complaint and leaves plaintiffs to their proofs.

    2.    Neither admits nor denies the allegations contained in Paragraph 4 of the Complaint and leaves plaintiffs to their proofs, except admits that Debtor-Defendant Grigory Epshteyn is a natural person currently residing at 71 Foxbeach Avenue, Staten Island, New York.

## JURISDICTION AND VENUE

3. As to the allegations in Paragraphs 5 and 6 of the Complaint, which contain legal arguments, characterizations as to the meaning of certain federal statutes and call for determination of law, they are denied as such and the Debtor respectfully refers all questions of law to the Court.

## FACTUAL BACKGROUND

4. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs 7 and 8 of the Complaint and leaves plaintiffs to their proofs.

5. Neither admits nor denies the allegations contained in Paragraph 9 of the Complaint and leaves plaintiffs to their proofs,

6. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 10 of the Complaint, except admits that a summary proceeding was commenced against the Debtor, Marina Rozenberg, Karina Dukach and Paradise Garden, LLC.

7. Denies each and every allegation contained in Paragraph 11 of the Complaint.

### "The First Part of Tenants' Scheme—The Nassau County Supreme Court Action"

8. Denies each and every allegation contained in Paragraph 12 of the Complaint.

9. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs 13, 14, 15 and 16 of the Complaint.

10. Denies each and every allegation contained in Paragraph 17 of the Complaint.

11. Denies any knowledge or information sufficient to form a belief as to each and every allegation in Paragraph 18 of the Complaint.

### "The Second Part of Tenants' Scheme—The Kings County Supreme Court Action"

12. Denies each and every allegation contained in Paragraphs 19 and 20 of the Complaint except admits that the Debtor and Paradise Garden, LLC, commenced an action in the Supreme Court, Kings County against Plaintiffs and others.

13. Denies each and every allegation contained in Paragraph 21 of the Complaint.

14. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs 22, 23 and 24 of the Complaint.

### "The Third Part of Tenants' Scheme—The Civil Court Action"

15. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs 25-41, inclusive, of the Complaint.

16. Admits allegations contained in Paragraph 42 of the Complaint.

17. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraphs 43 and 44 of the Verified Complaint.

### "Plaintiffs' Claims Against Defendant Epshteyn"

18. As to the allegations in Paragraph 45 of the Complaint, which contain legal arguments and call for determination of law, they are denied as such and the Debtor respectfully refers all questions of law to the Court.

### FIRST CLAIM FOR RELIEF

19. Debtor/Defendant repeats and reiterates each and every denial, admission and denial of any knowledge or information sufficient to form a belief hereinafter made in response to Paragraph 46 of the Verified Complaint.

20. As to the allegations in Paragraph 47 of the Complaint, which contain legal arguments and call for determination of law, they are denied as such and the Debtor respectfully refers all questions of law to the Court.

21. Denies each and every allegation contained in Paragraphs 48, 49, 50 and 51 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

22. Plaintiffs fail to state a claim under State or Federal Statutory Law.

### SECOND AFFIRMATIVE DEFENSE

23. Plaintiffs fail to state a claim for which relief may be sought or granted.

### THIRD AFFIRMATIVE DEFENSE

24. By their own actions and otherwise the Plaintiffs herein are not entitled to equitable relief.

### FOURTH AFFIRMATIVE DEFENSE

25. Any claims and /or objections of the Plaintiffs were not timely asserted and are time-barred.

### FIFTH AFFIRMATIVE DEFENSE

26. Any damages allegedly sustained by Plaintiffs were a result of actions by third parties over whom Debtor/Defendant had no dominion or control.

### SIXTH AFFIRMATIVE DEFENSE

27. Debtor/Defendant asserts, on information and belief, that Plaintiffs' claims were brought in bad faith and for the purpose of harassment and Debtor/Defendant requests an award of attorney fees, costs and sanctions.

## SEVENTH AFFIRMATIVE DEFENSE

28. Any actions and/or statements made by the debtor/defendant were done/made within a judicial proceeding and thus they were protected by the judicial proceedings privilege.

## EIGHTH AFFIRMATIVE DEFENSE

29. Any actions and/or statements made in court pleadings were taken/made by the Debtor/defendant's prior attorney of record and were not verified by this debtor/defendant.

## NINTH AFFIRMATIVE DEFENSE

30. Neither the liberty nor the property of the individual plaintiffs was interfered with by legal process.

## PRAYER FOR RELIEF

WHEREFORE, Debtor/Defendant by and through his attorneys, Law Offices of Kalavesios & Choudhry, PLLC hereby prays that the Plaintiffs' Complaint be dismissed in its entirety, that the liability of the Debtor/defendant be discharged, with costs and attorney fees, and for any other and further relief that this Court may deem proper and equitable.

Dated: April 17, 2013
Brooklyn, New York

LAW OFFICES OF KALAVESIOS & CHOUDHRY, PLLC

*/s/ Ted Kalavesios*
Ted Kalavesios
Attorneys for Defendant/Debtor
Grigory Epshteyn
2845 86th Street
Brooklyn, New York 11223
(718) 766-5297

TO:   ALSTON & BIRD LLP
      Attorney for Plaintiff
      90 Park Avenue
      New York, NY 10016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                          Case No. 12-48303-NHL

    Grigory EPSHTEYN                                      Chapter 7

               Debtor,

------------------------------------------------------------X

Alexander LEVIN, Steven MAKSIN, Esq., and
2814-2824 EMMONS ACQUISITION, LLC

              Plaintiffs,                        Complaint No. 1-13-01098-NHL

    -against-

Grigory EPSHTEYN,

              Defendant.

------------------------------------------------------------X

# AMENDED ANSWER

**LAW OFFICES OF KALAVESIOS AND CHOUDHRY, PLLC.**
*Attorneys for Respondent*
2845 86th Street
Brooklyn, New York 11223
Tel.: (718) 766-5297
Fax: (718) 766-7145